MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3383736

Book   Page   CIVIL

Return To:
JASON ADAM GANG

No. Pages: 11

Instrument: EFILING INDEX NUMBER

Control #:          202303301094
Index #:            E2023003269

Date: 03/30/2023

Spartan Business Solutions LLC

Time: 1:57:27 PM

Marquis Cattle Company Inc
Marquis Cattle Company
Montana Mountain Bison Inc
MCC Trucking LLC
M Hanging 6 Ranch LLC

| | | |
|---|---|---|
| State Fee Index Number | $165.00 | |
| County Fee Index Number | $26.00 | |
| State Fee Cultural Education | $14.25 | |
| State Fee Records Management | $4.75 | Employee: RR |
| Total Fees Paid: | $210.00 | |

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

-------------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC
D/B/A SPARTAN CAPITAL

INDEX NO.:

DATE PURCHASED:

Plaintiff,

**SUMMONS**

-against-

Plaintiff's Address is:
371 East Main Street, Suite 2
Middletown, NY 10940

MARQUIS CATTLE COMPANY INC
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/A PUMP'T;
MARQUIS CATTLE INC and
CORY SHANNON MARQUIS

Defendants.

-------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff attorney, at the address stated below, an answer to the attached complaint. If this summons was personally delivered upon you in the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

The basis for venue is pursuant to the Contract entered into between the parties.

Dated: Hewlett, New York
March 30, 2023

By: _____

Jason A. Gang, Esq.
The Law Office of Jason Gang
1245 Hewlett Plaza, #478
Hewlett, NY 11557
(646) 389-5610
*Attorneys for Plaintiff*
Our File No. 240-170

**Defendants to be served:**

Marquis Cattle Company Inc D/B/A Marquis Cattle Company
805 US Hwy 87
Belt, MT 59412

Montana Mountain Bison, Inc
805 US Hwy 87
Belt, MT 59412

MCC Trucking LLC
805 US Hwy 87
Belt, MT 59412

M Hanging 6 Ranch LLC D/B/A Pump't
5790 US Highway 89
Belt, MT 59412

Marquis Cattle Inc
805 US Hwy 87
Belt, MT 59412

Cory Shannon Marquis
805 US Hwy 87
Belt, MT 59412

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

-------------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC          INDEX NO.:
D/B/A SPARTAN CAPITAL

                    *Plaintiff,*

        -against-                               **VERIFIED COMPLAINT**

MARQUIS CATTLE COMPANY INC
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/A PUMP'T;
MARQUIS CATTLE INC and
CORY SHANNON MARQUIS

                    *Defendants.*

-------------------------------------------------------------------X

      Plaintiff Spartan Business Solutions, LLC d/b/a Spartan Capital ("Plaintiff"), by its

attorney, Jason A. Gang Esq., for its complaint herein against Marquis Cattle Company Inc

D/B/A Marquis Cattle Company; Montana Mountain Bison, Inc; MCC Trucking LLC; M

Hanging 6 Ranch LLC D/B/A Pump't; Marquis Cattle Inc ("Company Defendant") and Cory

Shannon Marquis ("Guarantor") (Company Defendant and Guarantor collectively "Defendants"),

alleges as follows:

### The Parties

    1.    At all relevant times, Plaintiff was and is a Limited Liability Company

organized and existing under the laws of the State of New York.

    2.    Upon information and belief, at all relevant times, Company Defendant was and

is a company organized and existing under the laws of the State of Montana.

3.      Upon information and belief, at all relevant times, Guarantor was and is an individual residing in the State of Montana.

### The Facts

4.      Plaintiff and Defendants entered into an agreement on or about November 3rd, 2022 having an agreed upon value of $205,500.00 (herein after "Agreement 1"), and an agreement on or about November 28th, 2022 having an agreed upon value of $140,000.00 (herein after "Agreement 2") whereby Plaintiff agreed to purchase 15% of Company Defendant's future receivables having an agreed upon value of $345,500.00 (collectively, the "Agreements").

5.      Pursuant to the Agreements, Company Defendant agreed to have one bank account approved by Plaintiff (the "Bank Account") from which Company Defendant authorized Plaintiff to make daily ACH withdrawals until $345,500.00 was fully paid to Plaintiff.

6.      In addition, Guarantor agreed to guarantee any and all amounts owed to Plaintiff from Company Defendant upon a breach in performance by Company Defendant.

7.      Plaintiff remitted the purchase price for the future receivables to Company Defendant as agreed.  Initially, Company Defendant met its obligations under the Agreements.

8.      Critical to facilitating this transaction, the Agreements contain Company Defendant's express covenant not to revoke its ACH authorization to Plaintiff or otherwise take any measure to interfere with Plaintiff's ability to collect the Future Receivables.

9.      Company Defendant stopped making its payments to Plaintiff and otherwise breached the Agreements by intentionally impeding and preventing Plaintiff from making the agreed upon ACH withdrawals from the Bank Account while conducting regular business operations.

10.    Company Defendant made payments, less fees, totaling $110,613.74 leaving a balance of $234,886.26. In addition, pursuant to the Agreement, Company Defendant incurred a Default Fee in the amount of $2,500.00 on Agreement 1, and a Default Fee in the amount of $2,500.00 on Agreement 2, per paragraph 2 "Additional Fees" and Addendum for Additional Fees of the Agreement.

11.    Contrary to Company Defendant's express covenant set forth above, Company Defendant materially breached the terms of the Agreements on March 15th, 2023, by changing the designated bank account without Plaintiff's authorization, by placing a stop payment on Plaintiff's debits to the account or by otherwise taking measures to interfere with Plaintiff's ability to collect the Future Receivables.

12.    Despite due demand, Company Defendant has failed to pay the amounts due and owing by Company Defendant to Plaintiff under the Agreements.

13.    Additionally, Guarantor is responsible for all amounts incurred as a result of any default of the Company Defendant.

14.    There remains a balance due and owing to Plaintiff on the Agreements in the amount of $239,886.26 plus interest, costs, disbursements and attorney's fees.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Breach of Contract)

15.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 of this complaint as though fully set forth at length herein.

16.    Plaintiff gave fair consideration to Company Defendant which was tendered for the right to receive the aforementioned receivables. Accordingly, Plaintiff fully performed

under the Agreements.

17. Upon information and belief, Company Defendant is still conducting regular business operations and still collecting receivables.

18. Company Defendant has materially breached the Agreements by failing to make the specified payment amount to Plaintiff as required under the Agreements and otherwise intentionally impeding and preventing Plaintiff from receiving the proceeds of the receivables purchased by them.

19. Upon information and belief, Company Defendant has also materially breached the Agreements by using more than one depositing bank (account which has not been approved by Plaintiff.

20. By reason of the foregoing, Plaintiff has suffered damages in the amount of $239,886.26, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Personal Guarantee)

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this complaint as though fully set forth at length herein.

22. Pursuant to the Agreements, Guarantor personally guaranteed that Company Defendant would perform its obligations thereunder and that he or she would be personally liable for any loss suffered by Plaintiff as a result of a breach by Company Defendant.

23. Company Defendant has breached the Agreements as detailed above.

24. By reason of the foregoing, Plaintiff is entitled to judgment against Guarantor based on his or her personal guarantee in the sum of $239,886.26, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Attorney's Fees)

25.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this complaint as though fully set forth at length herein.

26.    The Merchant Agreements provide that in addition to all payments owed under the Agreements, Defendants, agree to pay all costs associated with a default and the enforcement of remedies thereof, including but not limited to, court costs, disbursements and attorney's fees.

27.    As a result of this litigation, Plaintiff is at risk of incurring expenses including attorneys' fees, which cannot be finally determined at this date, but which will be capable of determination at such time as judgment me be entered herein.

28.    By reason of the foregoing, Defendants are liable to Plaintiff for Plaintiff's expenses in regard to this litigation, including costs, disbursements and attorneys' fees, in such amount as may be determined.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

29.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this complaint as though fully set forth at length herein.

30.    Defendants have been unjustly enriched in that they have received the purchase price for the future receivables, yet have failed to pay the sum of $239,886.26 pursuant to the Agreements.

31.    By reason of the foregoing, Plaintiff is entitled to judgment against the Defendants for unjust enrichment in an amount to be determined by the court, plus interest, costs, disbursements and attorney's fees.

**WHEREFORE,** Plaintiff Spartan Business Solutions, LLC d/b/a Spartan Capital requests judgment against Defendants Marquis Cattle Company Inc D/B/A Marquis Cattle Company; Montana Mountain Bison, Inc; MCC Trucking LLC; M Hanging 6 Ranch LLC D/B/A Pump't; Marquis Cattle Inc and Cory Shannon Marquis as follows:

**(i)**    On the first cause of action of the complaint, Plaintiff requests judgment against Company Defendant in the amount of $239,886.26, plus interest, costs, disbursements and attorney's fees;

**(ii)**   On the second cause of action of the complaint, Plaintiff requests judgment against Guarantor in the amount of $239,886.26, plus interest, costs, disbursements and attorney's fees;

**(iii)**  On the third cause of action of the complaint, Plaintiff requests judgment against Company Defendant and Guarantor in an amount of $239,886.26, plus interest, costs, disbursements and attorney's fees;

**(iv)**   On the fourth cause of action of the complaint, Plaintiff requests judgment against Company Defendant and Guarantor in an amount of $239,886.26, plus interest, costs, disbursements and attorney's fees;

**(v)**    For such other and further relief as this Court deems just and proper.

Dated: Hewlett, New York
       March 30, 2023

By: _____
Jason A. Gang, Esq.
The Law Office of Jason Gang
1245 Hewlett Plaza, #478
Hewlett, NY 11557
*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

-------------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC                     INDEX NO.:
D/B/A SPARTAN CAPITAL

                                        *Plaintiff,*

                 -against-

MARQUIS CATTLE COMPANY INC
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/A PUMP'T;
MARQUIS CATTLE INC and
CORY SHANNON MARQUIS
CORY SHANNON MARQUIS

                                        *Defendants.*

-------------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile   or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: March 30, 2023

                                        By: _____
                                        Jason A. Gang, Esq.
                                        The Law Office of Jason Gang
                                        1245 Hewlett Plaza, #478
                                        Hewlett, NY 11557
                                        (646) 389-5610

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC
D/B/A SPARTAN CAPITAL

INDEX NO.:

Plaintiff,

**VERIFICATION**

-against-

MARQUIS CATTLE COMPANY INC
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/A PUMP'T;
MARQUIS CATTLE INC and
CORY SHANNON MARQUIS

Defendants.

---------------------------------------------------------------X

STATE OF NEW JERSEY : SS:
COUNTY OF MONMOUTH:

**Justin Yuen**, being duly sworn, hereby deposes and says as follows, under penalties of perjury:

I am the **Chief Financial Officer** of Plaintiff SPARTAN BUSINESS SOLUTIONS, LLC D/B/A SPARTAN CAPITAL in the within action. I have read the foregoing Verified Complaint and know the contents thereof; The same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

The foregoing statements are true under penalties of perjury.

Sworn to before me this
30th day of March, 20 23

BY:

_____
Justin Yuen

_____
Notary Public

RYAN HENRY
Notary Public, State of New Jersey
Comm. # 501881193
My Commission Expires 03/15/2027