## STANDARD MERCHANT CASH ADVANCE AGREEMENT

**45. Prejudgment and Postjudgment Interest.** If SPARTAN becomes entitled to the entry of a judgment against any Merchant or any Guarantor, then SPARTAN will be entitled to the recovery of prejudgment interest at a rate of 24% per annum (or 16% per annum if any Merchant is a sole proprietorship), or the maximum rate permitted by applicable law if less, and upon entry of any such judgment, it will accrue interest at a postjudgment rate of 24% per annum (or 16% per annum if any Merchant is a sole proprietorship), or the maximum rate permitted by applicable law if less, which rate will govern over the statutory rate of interest up until actual satisfaction of the judgment.

**46. Legal Fees.** If SPARTAN prevails in any litigation or arbitration with any Merchant or any Guarantor, then that Merchant and/or Guarantor must pay SPARTAN's reasonable attorney fees, which may include a contingency fee of up to 40% of the amount claimed.

**47. Class Action Waiver.** SPARTAN, each Merchant, and each Guarantor agree that they may bring claims against each other relating to this Agreement only in their individual capacities, and not as a plaintiff or class action member in any purported class or representative proceedings.

**48. Arbitration.** Any action or dispute relating to this Agreement or involving SPARTAN on one side and any Merchant or any Guarantor on the other, including, but not limited to issues of arbitrability, will, at the option of any party to such action or dispute, be determined by arbitration before a single arbitrator. The arbitration will be administered either by Arbitration Services, Inc. under its Commercial Arbitration Rules as are in effect at that time, which rules are available at www.arbitrationservicesinc.com, or by Mediation & Commercial Arbitration, Inc. under its Commercial Arbitration Rules as are in effect at that time, which rules are available at www.mcarbitration.org. Once an arbitration is initiated with one of these arbitral forums, it must be maintained exclusively before that arbitral forum and the other arbitral forum specified herein may not be used. Any arbitration relating to this Agreement must be conducted in the Counties of Nassau, New York, Queens, or Kings in the State of New York. Notwithstanding any provision of any applicable arbitration rules, any witness in an arbitration who does not reside in or have a place for the regular transaction of business located in New York City or the Counties of Nassau, Suffolk, or Westchester in the State of New York will be permitted to appear and testify remotely by telephone or video conferencing. In case any Event of Default occurs and is not waived, each Merchant and each Guarantor consents to SPARTAN making an application to the arbitrator, without notice to any Merchant or any Guarantor, for the issuance of an injunction, restraining order, or other equitable relief in SPARTAN's favor, subject to court or arbitrator approval, restraining each Merchant's accounts and/or receivables up to the amount due to SPARTAN as a result of the Event of Default.

Each Merchant acknowledges and agrees that this Agreement is the product of communications conducted by telephone and the Internet, which are instrumentalities of interstate commerce, that the transactions contemplated under this Agreement will be made by wire transfer and ACH, which are also instrumentalities of interstate commerce, and that this Agreement therefore evidences a transaction affecting interstate commerce. Accordingly, notwithstanding any provision in this Agreement to the contrary, all matters of arbitration relating to this Agreement will be governed by and construed in accordance with the provisions of the Federal Arbitration Act, codified as Title 9 of the United States Code, however any application for injunctive relief in aid of arbitration or to confirm an arbitration award may be made under Article 75 of the New York Civil Practice Law and Rules. The arbitration agreement contained in this Section may also be enforced by any employee, agent, attorney, member, manager, officer, subsidiary, affiliate entity, successor, or assign of SPARTAN.

**49. Service of Process.** Each Merchant and each Guarantor consent to service of process and legal notices made by First Class or Priority Mail delivered by the United States Postal Service and addressed to the Contact Address set forth on the first page of this Agreement or any other address(es) provided in writing to SPARTAN by any Merchant or any Guarantor, and unless applicable law or rules provide otherwise, any such service will be deemed complete upon dispatch. Each Merchant and each Guarantor agrees that it will be precluded from asserting that it did not receive service of process or any other notice mailed to the Contact Address set forth on the first page of this Agreement if it does not furnish a certified mail return receipt signed by SPARTAN demonstrating that SPARTAN was provided with notice of a change in the Contact Address.

**I have read and agree to the terms and conditions set forth above:**

*Cory Marquis*

_____

Name: Cory Shannon Marquis   Title: Owner   Date: 11/03/2022

## STANDARD MERCHANT CASH ADVANCE AGREEMENT

**50. Survival of Representation, etc.** All representations, warranties, and covenants herein shall survive the execution and delivery of this Agreement and shall continue in full force until all obligations under this Agreement shall have been satisfied in full and this Agreement shall have terminated.

**51. Waiver.** No failure on the part of SPARTAN to exercise, and no delay in exercising, any right under this Agreement, shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

**52. Independent Sales Organizations/Brokers.** Each Merchant and each Guarantor acknowledge that it may have been introduced to SPARTAN by or received assistance in entering into this Agreement or its Guarantee from an independent sales organization or broker ("ISO"). Each Merchant and each Guarantor agree that any ISO is separate from and is not an agent or representative of SPARTAN. Each Merchant and each Guarantor acknowledge that SPARTAN is not bound by any promises or agreements made by any ISO that are not contained within this Agreement. Each Merchant and each Guarantor exculpate from liability and agree to hold harmless and indemnify SPARTAN and its officers, directors, members, shareholders, employees, and agents from and against all losses, damages, claims, liabilities, and expenses (including reasonable attorney and expert fees) incurred by any Merchant or any Guarantor resulting from any act or omission by any ISO. Each Merchant and each Guarantor acknowledge that any fee that they paid to any ISO for its services is separate and apart from any payment under this Agreement. Each Merchant and each Guarantor acknowledge that SPARTAN does not in any way require the use of an ISO and that any fees charged by any ISO are not required as a condition or incident to this Agreement.

**53. Modifications; Agreements.** No modification, amendment, waiver, or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by all parties.

**54. Severability.** If any provision of this Agreement is deemed invalid or unenforceable as written, it will be construed, to the greatest extent possible, in a manner which will render it valid and enforceable, and any limitation on the scope or duration of any such provision necessary to make it valid and enforceable will be deemed to be part thereof. If any provision of this Agreement is deemed void, all other provisions will remain in effect.

**55. Headings.** Headings of the various articles and/or sections of this Agreement are for convenience only and do not necessarily define, limit, describe, or construe the contents of such articles or sections.

**56. Attorney Review.** Each Merchant acknowledges that it has had an opportunity to review this Agreement and all addenda with counsel of its choosing before signing the documents or has chosen not to avail itself of the opportunity to do so.

**57. Entire Agreement.** This Agreement, inclusive of all addenda, if any, executed simultaneously herewith constitutes the full understanding of the parties to the transaction herein and may not be amended, modified, or canceled except in writing signed by all parties. Should there arise any conflict between this Agreement and any other document preceding it, this Agreement will govern. This Agreement does not affect any previous agreement between the parties unless such an agreement is specifically referenced herein. This Agreement will not be affected by any subsequent agreement between the parties unless this Agreement is specifically referenced therein.

**58. Counterparts; Fax and Electronic Signatures.** This Agreement may be executed electronically and in counterparts. Facsimile and electronic copies of this Agreement will have the full force and effect of an original.

**I have read and agree to the terms and conditions set forth above:**

*Cory Marquis*

Name: <u>Cory Shannon Marquis</u>   Title:<u>Owner</u>   Date: <u>11/03/2022</u>

## STANDARD MERCHANT CASH ADVANCE AGREEMENT

**EACH UNDERSIGNED HEREBY ACCEPTS THE TERMS OF THIS AGREEMENT**

**FOR THE MERCHANT/OWNER (#1)**

By: _____ Cory Shannon Marquis, Owner _____          _Cory Marquis_

(Print Name and Title)                                              (Signature)

SS# ██████████                     Driver License Number  ████████████

**FOR THE MERCHANT/OWNER (#2)**

By: _____          _____

(Print Name and Title)                                        (Signature)

SS# _____          Driver License Number  _____

Approved   for   SPARTAN   BUSINESS   SOLUTIONS,   LLC   d/b/a   SPARTAN   CAPITAL   by:

**I have read and agree to the terms and conditions set forth above:**

_Cory Marquis_
_____

Name: Cory Shannon Marquis  Title: Owner  Date: 11/03/2022

## STANDARD MERCHANT CASH ADVANCE AGREEMENT

## GUARANTEE

**G1. Personal Guarantee of Performance.** This is a personal guaranty of performance, dated 11/03/2022, of the Standard Merchant Cash Advance Agreement, dated 11/03/2022 ("Agreement"), inclusive of all addenda, if any, executed simultaneously therewith, by and between SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL ("SPARTAN") and Marquis Cattle Company Inc AND ALL ENTITIES UNDER EXHIBIT "B"   ("Merchant"). Each undersigned Guarantor hereby guarantees each Merchant's performance of all of the representations, warranties, and covenants made by each Merchant to SPARTAN in the Agreement, inclusive of all addenda, if any, executed simultaneously herewith, as the Agreement may be renewed, amended, extended, or otherwise modified (the "Guaranteed Obligations"). Each Guarantor's obligations are due at the time of any breach by any Merchant of any representation, warranty, or covenant made by any Merchant in the Agreement.

**G2. Communications.** SPARTAN may use automated telephone dialing, text messaging systems, and e-mail to provide messages to Guarantor(s) about Merchant(s)'s account. Telephone messages may be played by a machine automatically when the telephone is answered, whether answered by an Owner, a Guarantor, or someone else. These messages may also be recorded by the recipient's answering machine or voice mail. Each Guarantor gives SPARTAN permission to call or send a text message to any telephone number given to SPARTAN in connection with this Agreement and to play pre-recorded messages and/or send text messages with information about this Agreement and/or any Merchant's account over the phone. Each Guarantor also gives SPARTAN permission to communicate such information to them by e-mail. Each Guarantor agrees that SPARTAN will not be liable to any of them for any such calls or electronic communications, even if information is communicated to an unintended recipient. Each Guarantor acknowledges that when they receive such calls or electronic communications, they may incur a charge from the company that provides them with telecommunications, wireless, and/or Internet services, and that SPARTAN has no liability for any such charges.

**G3. Guarantor Waivers.** If SPARTAN considers any Event of Default to have taken place under the Agreement, then SPARTAN may enforce its rights under this Guarantee without first seeking to obtain payment from any Merchant, any other guarantor, or any Collateral, Additional Collateral, or Cross-Collateral SPARTAN may hold pursuant to this Guarantee or any other agreement or guarantee. SPARTAN does not have to notify any Guarantor of any of the following events and Guarantor(s) will not be released from its obligations under this Guarantee even if it is not notified of: (i) any Merchant's failure to pay timely any amount owed under the Agreement; (ii) any adverse change in any Merchant's financial condition or business; (iii) any sale or other disposition of any collateral securing the Guaranteed Obligations or any other guarantee of the Guaranteed Obligations; (iv) SPARTAN's acceptance of the Agreement with any Merchant; and (v) any renewal, extension, or other modification of the Agreement or any Merchant's other obligations to SPARTAN. In addition, SPARTAN may take any of the following actions without releasing any Guarantor from any obligations under this Guarantee: (i) renew, extend, or otherwise modify the Agreement or any Merchant's other obligations to SPARTAN; (ii) if there is more than one Merchant, release a Merchant from its obligations to SPARTAN such that at least one Merchant remains obligated to SPARTAN; (iii) sell, release, impair, waive, or otherwise fail to realize upon any collateral securing the Guaranteed Obligations or any other guarantee of the Guaranteed Obligations; and (iv) foreclose on any collateral securing the Guaranteed Obligations or any other guarantee of the Guaranteed Obligations in a manner that impairs or precludes the right of Guarantor to obtain reimbursement for payment under the Agreement. Until the Receivables Purchased Amount and each Merchant's other obligations to SPARTAN under the Agreement and this Guarantee are paid in full, each Guarantor shall not seek reimbursement from any Merchant or any other guarantor for any amounts paid by it under the Agreement. Each Guarantor permanently waives and shall not seek to exercise any of the following rights that it may have against any Merchant, any other guarantor, or any collateral provided by any Merchant or any other guarantor, for any amounts paid by it or acts performed by it under this Guarantee: (i) subrogation; (ii) reimbursement; (iii) performance; (iv) indemnification; or (v) contribution.

**G4. Joint and Several Liability.** The obligations hereunder of the persons or entities constituting each Guarantor under this Guarantee are joint and several.

**G5. Injunctive Relief.** In case any Event of Default occurs and is not waived, SPARTAN will be entitled to the issuance of an injunction, restraining order, or other equitable relief in SPARTAN's favor, subject to court or arbitrator

**I have read and agree to the terms and conditions set forth above:**

*Cory Marquis*

Name:  Cory Shannon Marquis    Title: Owner    Date: 11/03/2022

## STANDARD MERCHANT CASH ADVANCE AGREEMENT

approval, restraining each Guarantor's accounts and/or receivables up to the amount due to SPARTAN as a result of the Event of Default, and each Guarantor will be deemed to have consented to the granting of an application for the same to any court or arbitral tribunal of competent jurisdiction without any prior notice to any Merchant or Guarantor and without SPARTAN being required to furnish a bond or other undertaking in connection with the application.

**G6. Choice of Law.** Each Guarantor acknowledges and agrees that the Agreement and this Guarantee were made in the State of New York, that the Purchase Price is being paid by SPARTAN in the State of New York, that the Receivables Purchased Amount is being delivered to SPARTAN in the State of New York, and that the State of New York has a reasonable relationship to the transactions encompassed by the Agreement and this Guarantee. This Guarantee and the relationship between SPARTAN, each Merchant, and each Guarantor will be governed by and construed in accordance with the laws of the State of New York, without regard to any applicable principles of conflict of laws.

**G7. Forum and Venue Selection.** Any litigation relating to this Agreement or this Guarantee or involving SPARTAN on one side and any Merchant or any Guarantor on the other must be commenced and maintained in any court located in the State of New York (the "Acceptable Forums"). The parties agree that the Acceptable Forums are convenient, submit to the jurisdiction of the Acceptable Forums, and waive any and all objections to the jurisdiction or venue of the Acceptable Forums. If any litigation is initiated in any other venue or forum, the parties waive any right to oppose any motion or application made by any party to transfer such litigation to an Acceptable Forum. The parties agree that this Guarantee encompasses the transaction of business within the State of New York and that the Supreme Court of the State of New York ("Supreme Court") will have jurisdiction over any litigation relating to this Guarantee that is within the jurisdictional limit of the Supreme Court. In addition to the Acceptable Forums, any action or proceeding to enforce a judgment or arbitration award against any Merchant or Guarantor or to restrain or collect any amount due to SPARTAN may be commenced and maintained in any other court of competent jurisdiction.

**G8. Jury Waiver.** Each Guarantor agrees to waive trial by jury in any dispute with SPARTAN.

**G9. Counterclaim Waiver.** In any litigation or arbitration commenced by SPARTAN, each Merchant and each Guarantor will not be permitted to interpose any counterclaim.

**G10. Statutes of Limitations.** Each Merchant and each Guarantor agree that any claim that is not asserted against SPARTAN within one year of its accrual will be time barred.

**G11. Costs.** Each Merchant and each Guarantor must pay all of SPARTAN's reasonable costs associated with a breach by any Merchant of the covenants in this Agreement or this Guarantee and the enforcement thereof, including but not limited to collection agency fees, expert witness fees, and costs of suit.

**G12. Prejudgment and Postjudgment Interest.** If SPARTAN becomes entitled to the entry of a judgment against any Merchant or any Guarantor, then SPARTAN will be entitled to the recovery of prejudgment interest at a rate of 24% per annum (or 16% per annum if any Merchant is a sole proprietorship), or the maximum rate permitted by applicable law if less, and upon entry of any such judgment, it will accrue interest at a postjudgment rate of 24% per annum (or 16% per annum if any Merchant is a sole proprietorship), or the maximum rate permitted by applicable law if less, which rate will govern over the statutory rate of interest up until actual satisfaction of the judgment.

**G13. Legal Fees.** If SPARTAN prevails in any litigation or arbitration with any Merchant or any Guarantor, then that Merchant and/or Guarantor must pay SPARTAN's reasonable attorney fees, which may include a contingency fee of up to 40% of the amount claimed.

**G14. Class Action Waiver.** SPARTAN, each Merchant, and each Guarantor agree that they may bring claims against each other relating to this Agreement only in their individual capacities, and not as a plaintiff or class action member in any purported class or representative proceedings.

**G15. Arbitration.** Any action or dispute relating to this Agreement or this Guarantee or involving SPARTAN on

**I have read and agree to the terms and conditions set forth above:**

*Cory Marquis*

_____

Name:  Cory Shannon Marquis   Title: Owner   Date: 11/03/2022

## STANDARD MERCHANT CASH ADVANCE AGREEMENT

one side and any Merchant or any Guarantor on the other, including, but not limited to issues of arbitrability, will, at the option of any party to such action or dispute, be determined by arbitration before a single arbitrator. The arbitration will be administered either by Arbitration Services, Inc. under its Commercial Arbitration Rules as are in effect at that time, which rules are available at www.arbitrationservicesinc.com, or by Mediation & Commercial Arbitration, Inc. under its Commercial Arbitration Rules as are in effect at that time, which rules are available at www.mcarbitration.org. Once an arbitration is initiated with one of these arbitral forums, it must be maintained exclusively before that arbitral forum and the other arbitral forum specified herein may not be used. Any arbitration relating to this Agreement or this Guarantee must be conducted in the Counties of Nassau, New York, Queens, or Kings in the State of New York. Notwithstanding any provision of any applicable arbitration rules, any witness in an arbitration who does not reside in or have a place for the regular transaction of business located in New York City or the Counties of Nassau, Suffolk, or Westchester in the State of New York will be permitted to appear and testify remotely by telephone or video conferencing. In case any Event of Default occurs and is not waived, each Guarantor consents to SPARTAN making an application to the arbitrator, without notice to any Merchant or any Guarantor, for the issuance of an injunction, restraining order, or other equitable relief in SPARTAN's favor, subject to court or arbitrator approval, restraining each Guarantor's accounts and/or receivables up to the amount due to SPARTAN as a result of the Event of Default.

Each Guarantor acknowledges and agrees that the Agreement and this Guarantee are the product of communications conducted by telephone and the Internet, which are instrumentalities of interstate commerce, that the transactions contemplated under the Agreement and this Guarantee will be made by wire transfer and ACH, which are also instrumentalities of interstate commerce, and that the Agreement and this Guarantee therefore evidence a transaction affecting interstate commerce. Accordingly, notwithstanding any provision in the Agreement or this Guarantee to the contrary, all matters of arbitration relating to the Agreement or this Guarantee will be governed by and construed in accordance with the provisions of the Federal Arbitration Act, codified as Title 9 of the United States Code, however any application for injunctive relief in aid of arbitration or to confirm an arbitration award may be made under Article 75 of the New York Civil Practice Law and Rules. The arbitration agreement contained in this Section may also be enforced by any employee, agent, attorney, member, manager, officer, subsidiary, affiliate entity, successor, or assign of SPARTAN.

**G16. Service of Process.** Each Merchant and each Guarantor consent to service of process and legal notices made by First Class or Priority Mail delivered by the United States Postal Service and addressed to the Contact Address set forth on the first page of the Agreement or any other address(es) provided in writing to SPARTAN by any Merchant or any Guarantor, and unless applicable law or rules provide otherwise, any such service will be deemed complete upon dispatch. Each Merchant and each Guarantor agrees that it will be precluded from asserting that it did not receive service of process or any other notice mailed to the Contact Address set forth on the first page of the Agreement if it does not furnish a certified mail return receipt signed by SPARTAN demonstrating that SPARTAN was provided with notice of a change in the Contact Address.

**G17. Severability.** If any provision of this Guarantee is deemed invalid or unenforceable as written, it will be construed, to the greatest extent possible, in a manner which will render it valid and enforceable, and any limitation on the scope or duration of any such provision necessary to make it valid and enforceable will be deemed to be part thereof. If any provision of this Guarantee is deemed void, all other provisions will remain in effect.

**G18. Survival.** The provisions of Sections G2, G3, G4, G5, G6, G7, G8, G9, G10, G11, G12, G13, G14, G15, G16, G17, G18, G19, G20, G21, and G22 shall survive any termination of this Guarantee.

**G19. Headings.** Headings of the various articles and/or sections of this Guarantee are for convenience only and do not necessarily define, limit, describe, or construe the contents of such articles or sections.

**G20. Attorney Review.** Each Guarantor acknowledges that it has had an opportunity to review this Guarantee, the Agreement, and all addenda with counsel of its choosing before signing the documents or has chosen not to avail itself of the opportunity to do so.

**I have read and agree to the terms and conditions set forth above:**

*Cory Marquis*

Name:  Cory Shannon Marquis   Title: Owner   Date: 11/03/2022

## STANDARD MERCHANT CASH ADVANCE AGREEMENT

**G21. Entire Agreement.** This Guarantee, inclusive of all addenda, if any, executed simultaneously herewith may not be amended, modified, or canceled except in writing signed by all parties. Should there arise any conflict between this Guarantee and any other document preceding it, this Guarantee will govern. This Guarantee does not affect any previous agreement between the parties unless such an agreement is specifically referenced in the Agreement or herein. This Guarantee will not be affected by any subsequent agreement between the parties unless this Guarantee is specifically referenced therein.

**G22. Counterparts; Fax and Electronic Signatures.** This Guarantee may be executed electronically and in counterparts. Facsimile and electronic copies of this Guarantee will have the full force and effect of an original.

THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH IN THE "STANDARD MERCHANT CASH ADVANCE AGREEMENT", INCLUDING THE "TERMS AND CONDITIONS", ARE HEREBY INCORPORATED IN AND MADE A PART OF THIS GUARANTEE. CAPITALIZED TERMS NOT DEFINED IN THIS GUARANTEE SHALL HAVE THE MEANING SET FORTH IN THE STANDARD MERCHANT CASH ADVANCE AGREEMENT, INCLUDING THE TERMS AND CONDITIONS.

### EACH UNDERSIGNED HEREBY ACCEPTS THE TERMS OF THIS GUARANTEE

**GUARANTOR (#1)**

By: _____Cory Shannon Marquis_____          _____*Cory Marquis*_____
                    (Print Name)                                               (Signature)

SS# ███████████                                    Driver License Number ███████████

**GUARANTOR (#2)**

By: _____          _____
                    (Print Name)                                               (Signature)

SS# _____          Driver License Number _____

STANDARD MERCHANT CASH ADVANCE AGREEMENT

# BANK INFORMATION

Dear Merchant,

       Thank you for accepting this offer from SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL. We look forward to being your funding partner.

       You authorize SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL to collect the Receivables Purchased Amount under this Agreement by ACH debiting your bank account with the bank listed below.

       SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL will require viewing access to your bank account each business day.

       SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL will also require viewing access to your bank account, prior to funding, as part of our underwriting process.

       Please fill out the form below with the information necessary to access your account.

**\* Be sure to indicate capital or lower case letters.**

| | |
|---|---|
| Name of Bank: | FIRST INTERSTATE BANK |
| Name of account: | Marquis Cattle Company |
| Account number: | ████████ |
| Routing number: | |
| Bank Portal Website: | first interstate bank.com |
| Username: | |
| Password: | |
| Security Question/Answer 1: | |
| Security Question/Answer 2: | |
| Security Question/Answer 3: | |
| Any other information necessary to access your account: | |

If you have any questions please feel free to contact us directly at (973) 392-0837.

**I have read and agree to the terms and conditions set forth above:**

*Cory Marquis*

Name:  Cory Shannon Marquis  Title:  Owner  Date:  11/03/2022

**ADDENDUM TO STANDARD MERCHANT CASH ADVANCE AGREEMENT**
**<u>FOR ADDITIONAL FEES</u>**

This is an Addendum, dated <u>11/03/2022</u>**,** to the Standard Merchant Cash Advance Agreement ("Agreement"), dated <u>11/03/2022</u>**,** between SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL ("SPARTAN") and <u>Marquis Cattle Company Inc AND ALL ENTITIES UNDER EXHIBIT "B"</u> ("Merchant"). This Addendum incorporates the Agreement by reference. The terms of this Addendum will control to the extent they conflict with any of the terms in the Agreement.

Each Merchant may be held responsible for an NSF/ Rejected ACH Fee of 50.00. for each time an ACH debit to the Account by SPARTAN is returned or otherwise rejected. No Merchant will be held responsible for such a fee if any Merchant gives SPARTAN advance notice of no more than one business day in advance that the Account has insufficient funds to be debited by SPARTAN and no Merchant is otherwise in default of the terms of the Agreement. Each such fee may be deducted from any payment collected by SPARTAN or may be collected in addition to any other payment collected by SPARTAN under this Agreement.

**FOR THE MERCHANT/OWNER (#1)**

By: _____          *Cory Marquis*
      Cory Shannon Marquis, Owner          _____
         (Print Name and Title)                (Signature)


**FOR THE MERCHANT/OWNER (#2)**

By: _____          _____
         (Print Name and Title)                (Signature)

## DECLARATION OF ORDINARY COURSE OF BUSINESS

Each undersigned hereby declares the following:

1.    I am duly authorized to sign the Standard Merchant Cash Advance Agreement ("Agreement"), dated 11/03/2022, between SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL ("SPARTAN") and Marquis Cattle Company Inc AND ALL ENTITIES UNDER EXHIBIT "B" ("Merchant") on behalf of Merchant.

2.    This Declaration incorporates by reference the Agreement and every addendum to it.

3.    I acknowledge that I am authorized to sign the Agreement and every addendum to it on behalf of each Merchant.

4.    I acknowledge that I had sufficient time to review the Agreement and every addendum to it before signing it.

5.    I acknowledge that I had an opportunity to seek legal advice from counsel of my choosing before signing the Agreement and every addendum to it.

6.    I acknowledge that each Merchant is entering into the Agreement voluntarily and without any coercion.

7.    I acknowledge that each Merchant is entering into the Agreement in the ordinary course of its business.

8.    I acknowledge that the payments to be made from any Merchant to SPARTAN under the Agreement are being made in the ordinary course of each Merchant's business.

9.    I am aware of each Merchant's right to request a reconciliation of the payments made under the Agreement at any time.

10.    **I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on      11/03/2022
                (Date)

**FOR THE MERCHANT/OWNER (#1)**

By:   Cory Shannon Marquis         Owner         Cory Marquis
        (Print Name)        (Print Title)      (Signature)

**FOR THE MERCHANT/OWNER (#2)**

By:                                                
        (Print Name)        (Print Title)      (Signature)

# ADDENDUM TO STANDARD MERCHANT CASH ADVANCE AGREEMENT
## FOR ESTIMATED PAYMENTS

      This is an Addendum, dated 11/03/2022, to the Standard Merchant Cash Advance Agreement ("Agreement"), dated 11/03/2022, between SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL ("SPARTAN") and Marquis Cattle Company Inc AND ALL ENTITIES UNDER EXHIBIT "B" ("Merchant"). This Addendum incorporates the Agreement by reference. The terms of this Addendum will control to the extent they conflict with any of the terms in the Agreement.  Instead of debiting the 15% specified Percentage of Merchant's Receivables, SPARTAN may instead debit $7,339.29 ("Estimated Payment") from the Account every week. The Estimated Payment is intended to be an approximation of no more than the Specified Percentage.

      Any Merchant may give written notice to SPARTAN requesting that SPARTAN conduct a reconciliation in order to ensure that the amount that SPARTAN has collected equals the Specified Percentage of Merchant(s)'s Receivables under this Agreement. Any Merchant may give written notice requesting a reconciliation. A request for reconciliation may also be made by e-mail to frank@spartancapitalgroup.com and such notice will be deemed to have been received if and when SPARTAN sends a reply e-mail (but not a read receipt). If such reconciliation determines that SPARTAN collected more than it was entitled to, then within seven days thereafter, SPARTAN will credit to the Account all amounts to which SPARTAN was not entitled and decrease the Estimated Payment so that it is consistent with the Specified Percentage of Merchant(s)'s Receivables from the date of the Agreement through the date of the reconciliation. If such reconciliation determines that SPARTAN collected less than it was entitled to, then within seven days thereafter, SPARTAN will debit from the Account all additional amounts to which SPARTAN was entitled and increase the Estimated Payment so that it is consistent with the Specified Percentage of Merchant(s)'s Receivables from the date of the Agreement through the date of the reconciliation, with the increase being subject to any Cap in place on collections. In order to effectuate this reconciliation, any Merchant must produce with its request the login and password for the Account and any and all bank statements and merchant statements covering the period from the date of this Agreement through the date of the request for a reconciliation. SPARTAN will complete each such reconciliation within two business days after receipt of a written request for one accompanied by the information and documents required for it. Nothing herein limits the amount of times that such a reconciliation may be requested.

## FOR THE MERCHANT/OWNER (#1)

By: _____     _____     _____
         Cory Shannon Marquis                    Owner                           *Cory Marquis*
           (Print Name)                      (Print Title)                    (Signature)

## FOR THE MERCHANT/OWNER (#2)

By: _____     _____     _____
           (Print Name)                      (Print Title)                    (Signature)

# ADDENDUM TO STANDARD MERCHANT CASH ADVANCE AGREEMENT
## AUTHORIZATION AGREEMENT
## FOR AUTOMATED CLEARING HOUSE TRANSACTIONS

This is an Addendum, dated  11/03/2022, to the Standard Merchant Cash Advance Agreement ("Agreement"), dated  11/03/2022, between SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL ("SPARTAN") and Marquis Cattle Company Inc AND ALL ENTITIES UNDER EXHIBIT "B"  ("Merchant") hereby authorizes SPARTAN to present automated clearinghouse ("ACH") debits to the following checking account in the amount of the Initial Installment. In addition, if any Default occurs under the Agreement, Merchant authorizes SPARTAN to debit any and all accounts controlled by Merchant or controlled by any entity with the same Federal Tax Identification Number as Merchant up to the total amount, including but not limited to, all fees and charges, due to SPARTAN from Merchant under the terms of the Agreement. All capitalized terms herein shall be as defined in the Standard Merchant Cash Advance Agreement attached hereto.

| | |
|---|---|
| Name of Bank: | FIRST INTERSTATE BANK |
| Account Number: | |
| Routing Number: | |
| Merchants's EIN: | |
| Approved Debit in the Amount of: | $7,339.29 |

## FOR THE MERCHANT/OWNER (#1)

By: _____     _____     _Cory Marquis_
       Cory Shannon Marquis                          Owner
              (Print Name)                          (Print Title)                          (Signature)

## FOR THE MERCHANT/OWNER (#2)

By: _____     _____     _____
              (Print Name)                          (Print Title)                          (Signature)

# EXHIBIT B

## LIST OF ADDITIONAL PARTIES IN WHOSE ASSETS SELLER HAS GRANTED BUYER A BLANKET SECURITY INTEREST:

BUSINESS NAME : Marquis Cattle Company Inc

ADDRESS: 805 US Hwy 87, Belt, MT 59412

TAX ID: ███████


BUSINESS NAME : Montana Mountain Bison, Inc

ADDRESS: 805 US Highway 87, Belt, MT 59412,

TAX ID: first interstate bank.com

BUSINESS NAME : MCC Trucking LLC

ADDRESS: 805 US Highway 87, Belt, MT 59412,

TAX ID: ███████

BUSINESS NAME : M Hanging 6 Ranch LLC

ADDRESS: 5790 US Highway 89, Belt, MT 59412,

TAX ID: first interstate bank.com

BUSINESS NAME : Marquis Cattle Inc

ADDRESS: 805 US Highway 87, Belt, MT 59412,

TAX ID: first interstate bank.com


Buyer may file a UCC-1 financing statement with the Secretary of State of , reflecting a blanket security interest in the assets of the above listed entities.

**I have read and agree to the terms and conditions set forth above:**

*Cory Marquis*

Name and Title: Cory Shannon Marquis, Owner   Date: 11/03/2022

**ADDENDUM TO STANDARD MERCHANT CASH ADVANCE AGREEMENT**
**<u>FOR EARLY PAYOFF</u>**

This is an Addendum, dated 11/03/2022, to the Standard Merchant Cash Advance Agreement ("Agreement"), dated 11/03/2022, between SPARTAN BUSINESS SOLUTIONS, LLC d/b/a SPARTAN CAPITAL ("SPARTAN") and Marquis Cattle Company Inc AND ALL ENTITIES UNDER EXHIBIT "B"  ("Merchant"). This addendum concerns the Purchased Price of $150,000.00 for the Purchased Amount of $205,500.00 as specified on page 1 of the Agreement. Merchant is not eligible for discount if paid off by a finance/factoring company including SPARTAN BUSINESS SOLUTIONS, LLC.

1.  This addendum shall confirm that if the Merchant pays $190,500.00 on or before 30 calendar days from the time of funding, the advance will be considered paid in full.
2.  This addendum shall confirm that if the Merchant pays $198,000.00 on or before 60 calendar days from the time of funding, the advance will be considered paid in full.


**FOR THE MERCHANT/OWNER (#1)**

By: _____        _____
       Cory Shannon Marquis, Owner                                 *Cory Marquis*
          (Print Name and Title)                                            (Signature)



**FOR THE MERCHANT/OWNER (#2)**

By: _____        _____
          (Print Name and Title)                                            (Signature)

## STANDARD MERCHANT CASH ADVANCE AGREEMENT
**Please complete the full reference page for funding.**

**Merchant / Owner (#1)**

Name: Cory Shannon Marquis

Phone: 4064165227

Email: marquiscattleco@gmail.com

**Merchant / Owner (#2)**

Name:

Phone:

Email:

**Business Reference (#1)**

Name: first interstate bank.com

Company: first interstate bank.com

Phone: first interstate bank.com

**Business Reference (#2)**

Name: first interstate bank.com

Company: first interstate bank.com

Phone: first interstate bank.com

**Personal Reference**

Name: first interstate bank.com

Company: first interstate bank.com

Phone: first interstate bank.com

**Emergency Contact**

Name: first interstate bank.com

Company: first interstate bank.com

Phone: first interstate bank.com

## Document History

SignNow E-Signature Audit Log

All dates expressed in MM/DD/YYYY (US)

**Document name:** Spartan Capital – Marquis Cattle Company – 11.03.2022
**Document created:** 11/03/2022 21:13:09
**Document pages:** 24
**Document ID:** 942196542a6d4c64a5e0d8c397952332c8fa462a
**Document Sent:** 11/03/2022 21:13:11 UTC
**Document Status:** Signed
11/04/2022 16:33:47UTC

**Sender:** contracts@spartancapitalgroup.com
**Signers:** marquiscattleco@gmail.com
**CC:**

| Client | Event | By | Server Time | Client Time | IP Address |
|---|---|---|---|---|---|
| Spartan Capital | Uploaded the Document | contracts@spartancapitalgroup.com | 11/03/2022 21:13:09 pm UTC | | 134.122.4.183 |
| Spartan Capital | Document Saved | contracts@spartancapitalgroup.com | 11/03/2022 21:13:10 pm UTC | | 134.122.4.183 |
| Spartan Capital | Invite Sent to: marquiscattleco@gmail.com | contracts@spartancapitalgroup.com | 11/03/2022 21:13:11 pm UTC | | 134.122.4.183 |
| Spartan Capital | Document Downloaded | contracts@spartancapitalgroup.com | 11/03/2022 21:13:14 pm UTC | | 134.122.4.183 |
| Spartan Capital | Viewed the Document | marquiscattleco@gmail.com | 11/03/2022 21:17:14 pm UTC | 11/03/2022 21:17:14 pm UTC | 174.231.64.101 |
| Spartan Capital | Viewed the Document | marquiscattleco@gmail.com | 11/03/2022 21:18:58 pm UTC | 11/03/2022 21:18:58 pm UTC | 174.231.64.101 |
| Spartan Capital | Viewed the Document | marquiscattleco@gmail.com | 11/03/2022 21:20:56 pm UTC | 11/03/2022 21:20:56 pm UTC | 174.231.64.101 |
| Spartan Capital | Viewed the Document | marquiscattleco@gmail.com | 11/03/2022 21:34:03 pm UTC | 11/03/2022 21:34:03 pm UTC | 174.231.64.101 |
| Spartan Capital | Viewed the Document | marquiscattleco@gmail.com | 11/04/2022 00:55:11 am UTC | 11/04/2022 00:55:09 pm UTC | 192.230.163.171 |
| Spartan Capital | Viewed the Document | marquiscattleco@gmail.com | 11/04/2022 03:19:33 am UTC | 11/04/2022 03:19:33 am UTC | 192.230.163.171 |
| Spartan Capital | Viewed the Document | marquiscattleco@gmail.com | 11/04/2022 15:55:50 pm UTC | 11/04/2022 15:55:50 pm UTC | 192.230.163.171 |
| Spartan Capital | Viewed the Document | marquiscattleco@gmail.com | 11/04/2022 16:10:52 pm UTC | 11/04/2022 16:10:52 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:46 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Signed the Document | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |

| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
|---|---|---|---|---|---|
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Added a Text | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |
| Spartan Capital | Document Saved | marquiscattleco@gmail.com | 11/04/2022 16:33:47 pm UTC | 11/04/2022 16:33:46 pm UTC | 192.230.163.171 |