**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

                Case No. 6:23-cv-06258-FPG

   *Plaintiffs,*

  -against-

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/ A PUMP'T;
MARQUIS CATTLE INC. and
CORY SHANNON MARQUIS,

   *Defendants.*

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**
**REMAND OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

WELLS LAW P.C.
Steven W. Wells
Will Parsons
229 Warner Road
Lancaster, New York 14086
Tel.:  (716) 983-4750
Email: steve@wellspc.com
Email: will@wellspc.com

*Counsel for Plaintiff*

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………..iii

INTRODUCTION…………………………………………………………………………..…..1

FACTUAL BACKGROUND………………………………………………………………….....1

    I.     The Parties………………………………………………………………...…………1

    II.    The Agreements…………………………………………………….………..2

    III.   The State Court Complaint……………………………………….…………….2

    IV.   Defendants' Notice of Removal………………………………...…………….3

LEGAL STANDARD………………………………………………………………..………….3

    I.     The Court Should Remand This Action to State Court Because Defendants Have Failed to Allege Diversity Jurisdiction…………………………….…3

    II.    In the Alternative, the Court Should Compel Arbitration……………...…….5

          A.    The Parties Agreed to Arbitration…………………………….…..6

          B.    This Case Falls Within the Scope of the Parties' Arbitration Agreement………………………………………….……………..7

          C.    The Court Should Stay These Proceedings Pending Arbitration…….……7

CONCLUSION………………………………………………………………………...……7

# TABLE OF AUTHORITIES

**Cases**

*136-61 Roosevelt LLC v. Starbucks Corp.*,
  2021 WL 2779287, at *2 (E.D.N.Y. July 2, 2021)…………………………………………..4

*Am. Exp. Co. v. Italian Colors Rest.*,
  570 U.S. 228, 233 (2013) (quoting *Dean Witter,* 470 U.S. at 221)……………………….6

*Cary v. Sally Beauty Supply LLC*,
  2023 WL 3586509, at *3 (W.D.N.Y. Apr. 13, 2023)……………………………..………6

*Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.*,
  189 F.3d 289, 294 (2d Cir. 1999)……………………………………………….………5

*Daversa v. Cowan Equip. Leasing, LLC*,
  2020 WL 1866585, at *2 (E.D.N.Y. Jan. 14, 2020)…………………………………………5

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213, 219 (1985)……………………………………………………….………5

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*,
  160 F.3d 925, 930 (2d Cir. 1998)……………………………………………….………4

*Frontier Ins. Co. v. MTN Owner Trust*,
  111 F.Supp.2d 376, 378 (S.D.N.Y. 2000)……………………………………….………..3

*Guyden v. Aetna, Inc.*,
  544 F.3d 376, 382 (2d Cir. 2008)……………………………………………………….6

*Handelsman v. Bedford Vill. Assoc. Ltd. P'ship.*
  213 F.3d 48, 51 (2d Cir. 2000)……………………………………………………….4

*Harmony Prima Lofts, LLC v. Great Am. All. Ins. Co.*,
  2022 WL 1567293, at *2 (N.D.N.Y. May 18, 2022)……………………………..…………..4

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
  139 S. Ct. 524, 530 (2019)…………………………………………………………..6

*Jean-Jacques v. Uber Techs., Inc.*,
  2022 WL 17095036, at *3 (E.D.N.Y. Oct. 21, 2022)……………………………..…………4

*Katz v. Cellco P'ship*,
  794 F.3d 341, 343 (2d Cir. 2015), *cert. denied*, 136 U.S. 596 (2015)…………………….7

*Lupo v. Human Affairs Int'l, Inc.,*
    28 F.3d 269, 274 (2d Cir. 1994)……………………………………………..…….3

*Morrison v. Midland Funding, LLC,*
    2021 WL 2529618, at *2 (W.D.N.Y. June 21, 2021)………………….……………….6

*Phoenix Energy Mgmt., Inc. v. Maverick Engineered Prod. LLC,*
    2021 WL 738708, at *1 (E.D.N.Y. Feb. 10, 2021)…………………………………….4

*Rent-A-Ctr., W., Inc. v. Jackson,*
    561 U.S. 63, 68–69 (2010)……………………………………………….………..……6, 7

*Still v. DeBuono,*
    927 F. Supp. 125, 129 (S.D.N.Y. 1996)……………………………………….…….3

**Statutes**

9 U.S.C. § 1……………………………………………………………………..……1

9 U.S.C. § 2…………………………………………………………………………..5

28 U.S.C § 1332……………………………………………..……………………1, 4

28 U.S.C § 1441……………………………………………..…………………………1

28 U.S.C § 1446……………………………………………..…………………………1

28 U.S.C § 1447……………………………………………..…………………………1

Pursuant to 28 U.S.C §§ 1332, 1441, 1446, and 1447, and 9 U.S.C. § 1, *et seq.*, Plaintiff Spartan Business Solutions LLC d/b/a Spartan Business Capital hereby submits this memorandum of law in support of its motion to remand or, in the alternative, to compel arbitration against Defendants Marquis Cattle Company Inc. d/b/a Marquis Cattle Company, Montana Mountain Bison, Inc., MCC Trucking LLC, M Hanging 6 Ranch LLC d/b/a Pump't, Marquis Cattle Inc. (together, the "Corporate Defendants"), and Cory Shannon Marquis ("Mr. Marquis") (all together, "Defendants") and states as follows.

## INTRODUCTION

Defendants removed this case from state court on the basis of diversity jurisdiction. Their Notice of Removal, however, fails to adequately plead the citizenship of the limited liability company parties, whose citizenship is determined by the citizenship of its members. Defendants, therefore, have failed to plead complete diversity and this Court lacks subject matter jurisdiction. Respectfully, the case should be remanded to state court. In the alternative, and only if the Court determines that it has subject matter jurisdiction, the Court should compel arbitration pursuant to the parties' broad and unequivocal arbitration provision and the strong federal policy favoring arbitration.

## FACTUAL BACKGROUND

### I.       The Parties.

Plaintiff is a New York limited liability company engaged in the receivables financing business. (*See* Doc. No. 1-1, Compl. ¶ 1). The Corporate Defendants purport to be Montana citizens. (Doc. No. 1, Not. of Removal ¶ 3). Mr. Marquis also purports to be a Montana citizen. (*Id.* ¶ 4).

1

## II.     The Agreements.

On November 3 and 28, 2022, Plaintiff and the Corporate Defendants entered into Standard

Merchant Cash Advance Agreements (the "Agreements") pursuant to which Plaintiff purchased a

specified percentage of the Corporate Defendants' total future receipts up to a certain sum in

exchange for a discounted upfront purchase price.  (*See* Declaration of Steven W. Wells ("Wells

Decl."), Exs. 1-2).  In connection with the Agreements, Mr. Marquis executed Personal Guarantees

of Performance (the "Guarantees").  (*See id*. at pp. 13-16).

The Agreements include an arbitration provision as follows:

> **48. Arbitration.** Any action or dispute relating to this Agreement or involving
> [Plaintiff] on one side and any Merchant or any Guarantor on the other, including,
> but not limited to issues of arbitrability, will, at the option of any party to such
> action or dispute, be determined by arbitration before a single arbitrator. The
> arbitration will be administered either by Arbitration Services, Inc. under its
> Commercial Arbitration Rules as are in effect at that time, which rules are available
> at www.arbitrationservicesinc.com, or by Mediation & Commercial Arbitration,
> Inc. under its Commercial Arbitration Rules as are in effect at that time, which rules
> are available at www.mcarbitration.org.

(*Id*. § 49).[1]   The arbitration provision provides that "all matters of arbitration relating to [the

Agreements] will be governed by and construed in accordance with the provisions of the Federal

Arbitration Act, codified as Title 9 of the United States Code…."  (*Id*.)

## III.     The State Court Complaint.

On March 30, 2023, Plaintiff filed suit against Defendants in the action entitled *Spartan

Business Solutions LLC d/b/a Spartan Business Capital v. Marquis Cattle Company Inc. d/b/a

Marquis Cattle Company*, Supreme Court of the State of New York, Monroe County, Index. No.

E2023003269 (the "State Court Action").  (*See* Doc. No. 1-1, Compl.)  Plaintiff asserted a cause

---

[1] The Guarantees include a nearly identical provision.  (*See* Wells Decl., Exs. 1-2 § G15).

of action against the Corporate Defendants for breach of the Agreements and a cause of action against Mr. Marquis for breach of the Guarantees.  (*See id.*)

## IV.   Defendants' Notice of Removal.

On May 10, 2023, Defendants filed their Notice of Removal in this action.  (*See* Doc. No. 1, Not. of Removal).  Defendants claimed diversity as the basis of subject matter jurisdiction.  (*Id.* ¶ 7).  Defendants alleged that "Plaintiff is a citizen of the state of New York."  (*Id.* ¶ 2).  They further alleged that "Corporate Defendants are citizens of the state of Montana" and that "[Mr. Marquis] is a citizen of the state of Montana."  (*Id.* ¶¶ 3-4).  Plaintiff now moves to remand or, in the alternative, to compel arbitration.

## LEGAL STANDARD

## I.   The Court Should Remand this Action to State Court Because Defendants Have Failed to Allege Diversity Jurisdiction.

Defendants have failed to allege diversity jurisdiction and, therefore, the Court is without subject matter jurisdiction and, respectfully, should remand this action to state court.  "Removal jurisdiction must be strictly construed, both because federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns."  *Frontier Ins. Co. v. MTN Owner Trust,* 111 F.Supp.2d 376, 378 (S.D.N.Y. 2000).  "All doubt should be resolved in favor of remand."  *Id.* at 379.  "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir. 1994).  The removing party bears the burden of establishing the propriety of the removal.  *Still v. DeBuono,* 927 F. Supp. 125, 129 (S.D.N.Y. 1996).

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."  28 U.S.C. 1332(a).  Diversity jurisdiction requires that "all of the adverse parties in a suit must be completely diverse with regard to citizenship."  *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998).   For a limited liability company, citizenship is determined by the citizenship of its members; the company is considered a citizen of each state in which any of its members reside.  *See Handelsman v. Bedford Vill. Assoc. Ltd. P'ship.* 213 F.3d 48, 51 (2d Cir. 2000) (citation omitted).  As such, the identity and citizenship of each member must be specifically alleged in a notice of removal based on diversity jurisdiction.  *See, e.g., Harmony Prima Lofts, LLC v. Great Am. All. Ins. Co.*, 2022 WL 1567293, at *2 (N.D.N.Y. May 18, 2022) ("As the notice of removal does not address Plaintiff's membership, it is insufficient to show that there is complete diversity of citizenship among the parties").

Pursuant to the foregoing, federal courts routinely remand cases where the removing party fails to allege the identity and citizenship of each member of a limited liability company.  *See, e.g., Jean-Jacques v. Uber Techs., Inc.*, 2022 WL 17095036, at *3 (E.D.N.Y. Oct. 21, 2022), *report and recommendation adopted*, 2022 WL 17092835 (E.D.N.Y. Nov. 21, 2022) (ordering remand where notice of removal failed to allege citizenship of each member of defendant limited liability company); *136-61 Roosevelt LLC v. Starbucks Corp.*, 2021 WL 2779287, at *2 (E.D.N.Y. July 2, 2021) ("Because defendant has failed to adequately allege diversity of citizenship, the case is remanded to the Supreme Court, Queens County"); *Phoenix Energy Mgmt., Inc. v. Maverick Engineered Prod. LLC*, 2021 WL 738708, at *1 (E.D.N.Y. Feb. 10, 2021), *report and recommendation adopted*, 2021 WL 736421 (E.D.N.Y. Feb. 25, 2021) (remanding case where the notice of removal failed to provide "information about the citizenship of the individual members

4

of the defendant limited liability company"); *Daversa v. Cowan Equip. Leasing, LLC*, 2020 WL 1866585, at *2 (E.D.N.Y. Jan. 14, 2020), *report and recommendation adopted,* 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020) (same).

In the instant case, Defendants have failed to allege the identity and citizenship of the members of **any** of the limited liability company parties.  As to Plaintiff (which is a limited liability company) Defendants merely allege that "Plaintiff is a citizen of the state of New York."  (Doc. No. 1, Not. of Removal ¶ 2).  Defendants do not allege (or even attempt to allege) the identity and citizenship of Plaintiff's members.  Nor do Defendants allege the identity and citizenship of the members of MCC Trucking LLC and M Hanging 6 Ranch LLC.  (*See id.* ¶ 3).  Instead, Defendants lump these companies together with the other defendants and merely allege that "Corporate Defendants are citizens of the state of Montana."  (*Id.*)  Having failed to adequately plead the citizenship of the parties to this case, Defendants have failed to allege complete diversity and, respectfully, the Court should remand this action to state court.

## II.    In the Alternative, the Court Should Compel Arbitration.

If the Court denies Plaintiff's motion to remand, Plaintiff respectfully submits that the Court should compel arbitration.  Through the Federal Arbitration Act (the "FAA"), Congress has declared a "strong federal policy favoring arbitration…."  *Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.*, 189 F.3d 289, 294 (2d Cir. 1999).  The purpose of the FAA is "to ensure judicial enforcement of privately made agreements to arbitrate."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985).  Under the FAA, an arbitration provision contained in any contract involved in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "This text reflects the overarching principle that arbitration is a matter of contract" and, "consistent with that

text, courts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter,* 470 U.S. at 221).  In deciding whether to compel arbitration, the Second Circuit has instructed district courts to consider (1) whether the parties agreed to arbitrate and (2) if the dispute falls within the scope of the agreement.  *Morrison v. Midland Funding, LLC*, 2021 WL 2529618, at \*2 (W.D.N.Y. June 21, 2021) (Geraci, J.) (citing *Guyden v. Aetna, Inc.*, 544 F.3d 376, 382 (2d Cir. 2008).

"[P]arties can agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."  *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) (internal quotation marks omitted).  In this regard, the United States Supreme Court "has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence."  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019).  The United States Supreme Court recently reiterated that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract."  *Id.* at 529.

### A.  The Parties Agreed to Arbitrate.

Respectfully, there can be no dispute that the parties agreed to arbitrate.  The Agreements (and the Guarantees) include an arbitration provision that is broad and unambiguous.  (*See* Wells Decl., Exs. 1-2 §§ 48, G15).  Mr. Marquis electronically signed the Agreements on behalf of himself and the Corporate Defendants.  (*See id*. at pp. 12, 16).  Respectfully, Plaintiff has met its burden to establish that the parties agreed to arbitrate.  *See Cary v. Sally Beauty Supply LLC*, 2023 WL 3586509, at \*3 (W.D.N.Y. Apr. 13, 2023) (Geraci, J.) (finding under similar circumstances that the parties agreed to arbitrate).  To the extent Defendants contend otherwise, that is an issue

for the arbitrator, not the Court, to determine.  *See Rent-A-Ctr.*, 561 U.S. at 68–69.[2]  Respectfully, the Court should compel arbitration.

**B.  This Case Falls Within the Scope of the Parties' Arbitration Agreement.**

Plaintiff's claims clearly fall within the scope of the arbitration provision, which provides that "[a]ny action or dispute relating to [the Agreements or Guarantees] or involving [Plaintiff] on one side and [Defendants] on the other…will…be determined by arbitration before a single arbitrator." (Wells Decl., Exs. 1-2 §§ 48, G15).  Plaintiff's claims fall within this broad provision because they relate to the Agreements and Guarantees and involve Plaintiff on one side and Defendants on the other.  (*See* Doc. No. 1-1, Compl.)  Plaintiff's claims are clearly within the scope of the arbitration provision and, therefore, Plaintiff's motion to compel should be granted.

**C.  The Court Should Stay These Proceedings Pending Arbitration.**

The FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay [is] requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir. 2015), *cert. denied*, 136 U.S. 596 (2015).  Here, Plaintiff requests a stay and respectfully submits that a stay should be entered if the Court refers Plaintiff's claims to arbitration.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this action to the Supreme Court of Monroe County or, in the alternative, compel arbitration.

---

[2] The parties clearly and unmistakably agreed to arbitrate issues of arbitrability. (*See* Wells Decl., Exs. 1, 2 §§ 48, G15).

Dated: June 9, 2023                                    Respectfully Submitted,


                                                       /s Steven W. Wells
                                                       Steven W. Wells
                                                       Will Parsons
                                                       WELLS LAW P.C.
                                                       229 Warner Road
                                                       Lancaster, New York 14086
                                                       (716) 983-4750
                                                       Email: steve@wellspc.com
                                                       Email: will@wellspc.com

                                                       *Counsel for Plaintiff*