
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

                               *Plaintiff*,

        23 Civ. 06258

   -- against –

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/A PUMP'T;
MARQUIS CATTLE INC. and
CORY SHANNON MARQUIS,

                               *Defendants*.
---------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO REMAND OR, IN THE ALTERNATIVE,
TO COMPEL ARBITRATION**

Defendants – (1) Marquis Cattle Company Inc. d/b/a Marquis Cattle Company, (2) Montana Mountain Bison, Inc., (3) MCC Trucking LLC, (4) M Hanging 6 Ranch LLC d/b/a Pump't, (5) Marquis Cattle Inc. ("Corporate Defendants"), and (6) Cory Shannon Marquis ("Mr. Marquis") – respectfully submit this memorandum of law in opposition to the motion to remand or, in the alternative, compel arbitration submitted by Plaintiff Spartan Business Solutions LLC ("Plaintiff").

I.   DEFENDANTS PROPERLY ALLEGED JURISDICTION BASED ON DIVERSITY

Diversity jurisdiction and the right to remove to federal court were designed to protect litigants from potential state court bias in favor of in-state litigants. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 111 (1945) ("Diversity jurisdiction is founded on assurance to non-resident litigants of courts free from susceptibility to potential local bias."); *see also* The Federalist No. 80, at 390 (Alexander Hamilton) (Jim Miller ed., 2017) (stating "the national judiciary ought to preside in all cases in which one state or its citizens are opposed to another state or its citizens").  Thus, 28 U.S.C. § 1441 provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).[1]

In this case, defendants removed the action from New York state court in Monroe County to this Court pursuant to diversity jurisdiction– *i.e.*, the original subject-matter jurisdiction that has

---

[1] *See* U.S. Const. art. III, § 2 ("The judicial Power shall extend . . . to Controversies . . . between Citizens of different States . . . ."); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ."); *see also* Henry J. Friendly, *The Historic Basis of Diversity Jurisdiction*, 41 Harv. L. Rev. 483, 484-87 (1928).

allowed federal courts to adjudicate disputes between citizens of different states since 1789.  *See* CM/ECF No. 1 (Notice of Removal).

Defendants are citizens of Montana, *see id.* ¶¶ 2-6, and Plaintiff is a citizen of New York and New Jersey, *see* CM/ECF No. 13 (Rule 7.1 disclosure).  Defendants Rule 7.1 disclosure statement confirms that all defendants are citizens of Montana.  *See* CM/ECF No. 8; *see also Turnage v. Chase Home Finance, LLC*, 2010 WL 11530719, at *3 (E.D. Tex. July 2, 2010) (looking to disclosure statements to verify the existence of diversity jurisdiction).

The allegations in the Defendants' Notice of Removal, further confirmed by the Rule 7.1 disclosure statement, is obviously sufficient to establish diversity jurisdiction.  Moreover, if they were somehow defective (which they are not), it is well-established that the removing party may amend them because Section 1653 of Title 28 of the United States Code provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

"*Pro forma* defects cannot suffice to deprive a party of a plain entitlement to a federal forum." *CBS Inc. v. Snyder*, 762 F. Supp. 71, 74-76 (S.D.N.Y. 1991); *see also Caouse v. Protext Mobility, Inc.*, No. 22 Civ. 1335 *Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No. 12 Civ. 5078, 2014 WL 123488, at *13 (E.D.N.Y. Jan. 10, 2014). "'When diversity is not absent from a notice of removal but is defectively alleged,' courts typically permit the removing party to amend its notice of removal." *Linium, LLC v. Bernhoit*, No. 17 Civ. 0200, 2017 WL 2599944, at *3 (N.D.N.Y. June 15, 2017) (quoting *Grow Grp., Inc. v. Jandernoa*, No. 94 Civ. 5679, 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995)); *see also George v. Douglas Aircraft Co.*, 332 F.2d 73 (2d Cir. 1964); *Alvarado v. New England Motor Freight, Inc.*, No. 18 Civ. 2027, 2018 WL 4043151, at *3 n.1 (E.D.N.Y. Aug. 24, 2018).

Indeed, Plaintiff concedes that Defendants has properly alleged in the Notice of Removal Plaintiff, Spartan Business Solutions LLC, is "a citizen of the state of New York." *Id.* ¶2; *see also* Pl. Mem. at 1 ("Plaintiff is a New York limited liability company engaged in the receivables financing business.").[2] Plaintiff also concedes that Defendants properly alleged the citizenship of the two corporations by stating they "are citizens of the state of Montana."[3] *Id.* ¶3. Finally, Plaintiff concedes that Defendant has properly alleged the matter in controversy exceeds the sum or value of $75,000. *See id.* ¶6.

Plaintiff, however, inexplicably argues that remand is warranted because Defendants did not properly allege the citizenship of the two LLCs. Even though the LLCs allege that they are citizens of Montana in the same manner as the three corporations, the LLCs "[do not] allege the identity and citizenship of each member [*i.e.*, owner]" of the LLC." Def. Mem. at 4. Defendants even go so far as to declare, "federal courts routinely remand cases where the removing party fails to allege the identity and citizenship of each member of a limited liability company." *Id.*

A review of the cases cited by Defendants shows that this statement is a sweeping exaggeration bordering on a misrepresentation. To begin with, the proposition is based on a mere four unpublished cases decided in the Eastern District of New York in a less than three years out of the 233 years that parties have been able to remove cases from state to federal court.

---

[2] In fact, Plaintiff is a citizen of both New York and New Jersey, which was finally disclosed in Plaintiff's <u>untimely</u> Rule 7.1 disclosure statement. *See* Fed. R. Civ. P. 7.1.

[3] Plaintiff's motion does not make any arguments that the citizenship of the corporations are not sufficient and it is well-established that "a party may be deemed to have conceded an argument by failing to address it in its briefing." *CVS Pharmacy, Inc. v. Press America, Inc.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019). Plaintiff does not attempt to explain how the corporations' citizenship is properly alleged (even though a corporation takes on the citizenship of "principal place of business") but somehow the LLCs' citizenship is not (even though a limited liability company takes on the citizenship of its members).

Two of the four cases were remanded after the removing party failed to respond or object to a Magistrate Judge's Order to Show Cause or Report and Recommendation. *See Jean-Jacques v. Uber Techs., Inc. et al.*, 2022 WL 17092835 (E.D.N.Y. Nov. 21, 2022); *Phoenix Energy Mgmt., Inc. v. Maverick Engineered Prod. LLC*, 2021 WL 736421 (E.D.N.Y. Feb. 25, 2021). It is hardly surprising that they were remanded after failing to even respond to a Court's Order or Decision.

In the third case, *136-61 Roosevelt LLC v. Starbucks Corp.*, 2021 WL 2779287 (E.D.N.Y. July 2, 2021), the defendant acknowledged that it had not, and could not at that time, identify the plaintiff LLC's members or their citizenship. All defendants could allege was "[u]pon information and belief, [p]laintiff does not have any members who are citizens of the State of Washington," which was the citizenship of the defendant. Under such circumstances, the Court held that the defendant had failed to adequately allege diversity of citizenship, and thus it lacked subject matter jurisdiction. The case was thus remanded. This, of course, was not a particularly harsh result because defendant could remove the case to federal court after it did discover the citizenship of the members of the LLC in state court. *See* 28 U.S.C. § 1446(b)(3) ("If the case stated by the initial pleading is not removable," removal is permitted within "thirty days after receipt by the defendant, . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

The fourth case cited by Defendants, *Daversa v. Cowan Equipment Leasing, LLC*, 20 Civ. 00163 (E.D.N.Y. Feb. 28, 2022), actually supports the position that even if a party has failed to allege the citizenship of each member of the LLC in it Notice of Removal, any such defect is easily remedied. In *Daversa*, the Defendants submitted supplemental affidavits stating that citizenships

of each member of the LLCs and the Court held "as a result of their supplemental filings, the Court finds the diversity of citizenship requirement under 28 U.S.C. § 1332(a) is satisfied." *Id.* at *4.[4]

Finally, all four cases were made prior to the recent amendments to Rule 7.1 of the Federal Rules of Civil Procedure (effective December 1, 2022), which squarely addresses the issue of how the citizenship of members of LLCs should be disclosed and confirmed to the Courts. Significantly, Plaintiff fails to mention that Defendants did comply with Rule 7.1 prior to the filing of their motion to remand. *See* CM/ECF No. 8.

In sum, the most that can be said is that a few years prior to December 1, 2022 (when Rule 7.1 became effective), a few judges in the Eastern District of New York began to require parties filing actions or removing actions on the basis of diversity to file supplemental disclosures when the action involved a limited liability company. But these unpublished decisions hardly support stating that "federal courts routinely remand cases where the removing party fails to allege the identity and citizenship of each member of a limited liability company" particularly without an opportunity to amend (if an amendment is deemed to be needed).[5] *Id.*

In sum, Defendants properly allege diversity jurisdiction in the Notice of Removal, which was further confirmed by the Rule 7.1 Statement. If the Court holds otherwise, it is respectfully

---

[4] The opinion is available at https://storage.courtlistener.com/recap/gov.uscourts.nyed.443546/gov.uscourts.nyed.443546.9.0.pdf.

[5] The judges in the Eastern District who issued these opinions may have been influence by the fact that then-Chief Judge Roslynn R. Mauskopf (E.D.N.Y.) was appointed the director of the Administrative Office of the United States Courts on February 1, 2021, and perhaps attempting to address Rule 7.1's concerns before it became effective. According to the Administrative Office of the U.S. Courts, "An amendment to a federal rule generally takes about three years." https://www.uscourts.gov/rules-policies/pending-rules-and-forms-amendments. Defendants are unaware of any opinions outside of the Eastern District of New York issuing similar decisions.

submitted that the Court allow for affidavits from the members of the LLC or an amended Notice of Removal pursuant to 28 U.S.C. § 1653.

## II.  PLAINTIFF WAIVED THE RIGHT TO ARBITRATE BY FILING THE CASE IN STATE COURT AND NOW SEEKING TO LITIGATE IN STATE COURT

In the alternative, Plaintiff seeks to compel arbitration even though Plaintiff initiated this action in state court. A party seeking to arbitrate is precluded from arbitration when it "actively participates in a lawsuit or takes other action inconsistent with that right." *Apple & Eve, LLC v. Yantai North Andre Juice Co.*, 610 F. Supp. 2d 226, 229 (E.D.N.Y. 2009); *see also SATCOM Int'l Group PLC v. ORBCOMM Int'l Partners, L.P.*, 49 F. Supp. 2d 331, 341 (S.D.N.Y. 1999 ("The touchstone of waiver is the taking of action inconsistent with the right to arbitrate . . . . Rarely does a plaintiff begin a litigation on the merits and then alter course and attempt to compel an arbitration."). Such conduct is a complete bar to arbitration even where an agreement to arbitrate is established, because it renders the alleged agreement to arbitrate "null and void." *Apple & Eve*, 610 F. Supp. 2d at 234.[6]

In this case, Plaintiff not only filed its complaint in state court but also seeks to have the case remanded to state court so that it may litigate this case. Plaintiff *only* wants to move to compel to arbitrate if Defendants, Montana citizens, seek to protect themselves from potential state court

---

[6] The question of whether Plaintiff is precluded from arbitrating its claims is a matter for the Court and not an arbitrator to decide. *See Doctor's Assoc. v. Distajo*, 66 F.3d 438, 456 & n.12 (2d Cir. 1995) ("the court should decide the issue of waiver" when "the waiver defense [is] based on prior litigation by the party seeking arbitration"); *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998) (same, finding that incorporation of AAA rules in arbitration provision did not change result); *SATCOM*, 49 F. Supp. 2d at 339 (S.D.N.Y. 1999) (finding that waiver "is appropriately decided by the Court"); *see also Cusimano v. Schnurr*, 26 N.Y.3d 391, 401 n.3 (2015) "whether a party has waived arbitration by litigation-related conduct is an issue for the courts").

bias in favor of in-state litigants by asking for a federal court to adjudicate the matter.[7] Filing a complaint in state court and then seeking a motion to remand to state court so that the case may be litigate there is a complete bar to arbitration as conduct that is clearly inconsistent with exercising the right to arbitration.

### III.  CONCLUSION

In this case, Plaintiff Spartan Business Solutions is a limited liability company that lists as its principal address in court documents (of which the court may take judicial notice), 371 East Main St, Suite 2, Middletown, New York 10940 – that is, Orange County, New York, which is located in the Southern District of New York.[8]  Plaintiff, however, filed its complaint in Monroe County.  Defendants seek to avoid any potential bias against them or even the question of bias that may be raised by the fact that Plaintiff elected to file suit in Monroe County (far away from its own principal address).

Rather than concede that this federal court should adjudicate the dispute involving citizens of different states, Plaintiff seeks a motion to remand to Monroe County even though Defendants clearly allege that they are Montana citizens and Plaintiff concedes it is a citizen of New York and New Jersey.  Plaintiff does not even acknowledge that even if Defendants' Notice of Removal was deemed deficient, the court can (and respectfully should) allow for an amended Notice of Removal

---

[7] Indeed, Plaintiff has not even taken the preliminary step of selecting an arbitration forum by filing a demand for arbitration, which demonstrates that it merely seeks to avoid federal court. Plaintiff is simply forum shopping.

[8] *See, e.g.*, *Spartan Business Solutions, LLC v. Bank of America, N.A. et al,*, Index No. 515925/2023, Petition ¶1 (Kings County Supreme Court) (alleging Plaintiff "is a New York corporation [sic]  with a principal address at 371 East Main St, Ste. 2, Middletown, NY 10940") available at https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=xziEsuHZIVFGyXAjhoOXPw==.

pursuant to 28 U.S.C. § 1653.  Instead, Plaintiff moves "in the alternative" for a motion to compel arbitration if, and only if, its motion to remand is not granted.  This is clearly conduct that is inconsistent with arbitration; it is actively participation in litigation and completely inconsistent with asserting its right to arbitrate.

The U.S. Supreme Court has repeatedly condemned forum shopping, and it should be condemned here.[9]  Defendants are entitled to have this dispute adjudicated in a federal forum.  The motion to remand or, in the alternative, to compel arbitration should be denied in its entirety.

Dated:  Rochester, NY
June 26, 2023

/s/ *Brian Goodwin*
Brian R. Goodwin
Goodwin Law Firm
75 South Clinton Square, Suite 510
Rochester, NY 14604
(585) 353-7084

*Attorney for Defendants*

---

[9] *See Yee v. City of Escondido*, 503 U.S. 519, 538 (1992) ("Forum-shopping is thus of particular concern."); *see also Van Dusen v. Barrack*, 376 U.S. 612, 630-31 (1964) (stating that transfer of venue should not affect the applicable law because the venue statute should not be interpreted so as to promote forum shopping).