UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

       *Plaintiffs*,

  -against-

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/ A PUMP'T;
MARQUIS CATTLE INC. and
CORY SHANNON MARQUIS,

       *Defendants.*

Case No. 6:23-cv-06258-FPG

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO REMAND OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

WELLS LAW P.C.
Steven W. Wells
Will Parsons
229 Warner Road
Lancaster, New York 14086
Tel.:  (716) 983-4750
Email: steve@wellspc.com
Email: will@wellspc.com

*Counsel for Plaintiff*

i

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………..iii

LEGAL ARGUMENT………………………………………………………………………..……1

    I.       The Court Should Remand this Action to State Court Because Defendants Have Failed to Allege Diversity Jurisdiction…………………………….…….1

    II.      In the Alternative, the Court Should Compel Arbitration…………………..……..2

          A.      Plaintiff Did Not Waive its Right to Arbitrate by Filing a Complaint…….2

          B.      Plaintiff Did Not Waive its Right to Arbitration by Filing a Motion to Remand……………………………………………..……….5

CONCLUSION………………………………………………………………………………….5

# **TABLE OF AUTHORITIES**

**Cases**

*Besera v. Hom*,
 2021 WL 2703351, at *4 (E.D.N.Y. July 1, 2021)……………………………………..….4

*Commercial Metals Co. v. International Union Marine Corp.*,
 294 F. Supp. 570, 573 (S.D.N.Y. 1968)……………………………………………….3

*Haynes v. TransUnion, LLC*,
 2021 WL 7906567, at *5 (E.D.N.Y. Sept. 30, 2021)………………………...……….4

*Herrera v. Manna 2nd Ave. LLC*,
 2022 WL 2819072, at *10 (S.D.N.Y. July 18, 2022)…………………………………….4

*In re Bartin Deniz Nakliyati*,
 1989 WL 128581, at *12 (E.D.N.Y. July 10, 1989)…………………………...………….3

*Katsoris v. WME IMG, LLC*,
 237 F. Supp. 3d 92, 100-01 (S.D.N.Y. 2017)………………………………………..3

*Laser Spa of Rochester, LLC v. Erie Ins. Co.*,
 2020 WL 5898640, at *3 (W.D.N.Y. Oct. 5, 2020)…………………….....……………..1

*Louisiana Stadium & Exposition District v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
 626 F.3d 156, 159 (2d Cir. 2010)……………………………………………………….3

*Marmet Health Care Center, Inc. v. Brown*,
 565 U.S. 530, 533 (2012)……………………………………………………………….3

*Morgan v. Sundance, Inc.*,
 142 S. Ct. 1708, 1714 (2022)…………………………………………….……………..3, 4

*Pierre v. Rochdale Vill. Inc.*,
 2020 WL 6799635, at *7 (E.D.N.Y. Nov. 19, 2020)……………………...……………….4

*Rush v. Hillside Buffalo, LLC*,
 314 F. Supp. 3d 477, 481 (W.D.N.Y. 2018)……………………………...……………1

*Russell Sigler, Inc. v. Whitaker*,
 2019 WL 3220577, at *4 (C.D. Cal. May 21, 2019)……………………………………..3

*Shearson Lehman Hutton, Inc. v. Wagoner*,
 944 F.2d 114, 122 (2d Cir. 1991)……………………………………………………..4

*Snyder Corp. v. Fitness Ridge Worldwide, LLC*,
    2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018)……………………..…………………1

*Thomas v. A.R. Baron & Co.*,
    967 F. Supp. 785, 789 (S.D.N.Y. 1997)…………………………………………………..4

*Thyssen, Inc. v. Calypso Shipping Corp., S.A.*,
    310 F.3d 102, 104-105 (2d Cir. 2002)……………………….…………………………3

*Tokio Marine & Fire Ins. Co. v. M/V SAFFRON TRADER*,
    257 F. Supp. 2d 651, 654 (S.D.N.Y. 2003)……………………………………...……..2

Plaintiff Spartan Business Solutions LLC d/b/a Spartan Business Capital ("Plaintiff") hereby submits this reply memorandum of law in further support of its motion to remand or, in the alternative, to compel arbitration against Defendants Marquis Cattle Company Inc. d/b/a Marquis Cattle Company, Montana Mountain Bison, Inc., MCC Trucking LLC, M Hanging 6 Ranch LLC d/b/a Pump't, Marquis Cattle Inc., and Cory Shannon Marquis ("Defendants") and states as follows.

## LEGAL ARGUMENT

### I. The Court Should Remand this Action to State Court Because Defendants Have Failed to Allege Diversity Jurisdiction.

Defendants suggest that "a mere four unpublished cases decided in the Eastern District of New York" have held that, for limited liability companies, the identity and citizenship of each member must be specifically alleged to establish diversity jurisdiction. (*See* Doc. No. 14, Defs.' Memo. at p. 5). In fact, that rule is well established and has been applied many times by this Court. *See, e.g., Laser Spa of Rochester, LLC v. Erie Ins. Co.*, 2020 WL 5898640, at *3 (W.D.N.Y. Oct. 5, 2020) ("For the purposes of pleading diversity, it is Laser Spa's duty to identify the citizenship of the *members* of Laser Spa, since the citizenship(s) of an LLC's members dictate the citizenship(s) of an LLC") (italics in original); *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 481 (W.D.N.Y. 2018) (finding no diversity jurisdiction where "Plaintiff [] failed to identify any of Hillside Buffalo, LLC's members, let alone allege their citizenship for diversity purposes"); *Snyder Corp. v. Fitness Ridge Worldwide, LLC*, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (finding that "Defendants [] failed to establish diversity of citizenship" where they "failed to identify every partner of Plaintiffs Beaver Hollow Wellness LLC and FRW Beaver Hollow Management, LLC, and to specify the citizenship of each partner").

1

Defendants have not complied with this rule.  Their Notice of Removal does not provide the identity and citizenship of each member of Defendants MCC Trucking LLC and M Hanging 6 Ranch LLC.  (*See* Doc. No. 1, Not. of Removal).  Their Rule 7.1 Corporate Disclosure Statement – which Defendants cite as a cure to their deficient Notice of Removal – **still** does not provide the identity of those companies' members, instead claiming in conclusory fashion that they "are citizens of Montana." (*See* Doc. No. 8).  This is not a mere technical defect.  Without the identity of the members, it is impossible to determine if complete diversity exists.  That is because, if any of the members is itself a limited liability company, one would need to know the members of that company to determine its citizenship (and, thus, the citizenship of the parent company).  Defendants have failed to meet their burden of establishing diversity jurisdiction and, respectfully, Plaintiff's motion to remand should be granted.

## II. In the Alternative, the Court Should Compel Arbitration.

Plaintiff moved the Court to compel arbitration in the alternative to its motion to remand (*i.e.*, if the Court determines that subject matter jurisdiction exists).  In response, Defendants argue that Plaintiff waived its right to arbitrate by filing a Complaint in state court and a motion to remand in this Court.  Respectfully, these arguments fail and the Court should compel arbitration if it determines that it has subject matter jurisdiction.

### A. Plaintiff Did Not Waive its Right to Arbitrate by Filing a Complaint.

Defendants claim that Plaintiff waived its right to arbitrate because it "filed its complaint in state court." (Doc. No. 14, Defs.' Memo. at p. 8).

"The mere filing of a complaint does not constitute a waiver [because the] essential test is whether the pursuit of a remedy other than arbitration has worked substantial prejudice to the other party." *Tokio Marine & Fire Ins. Co. v. M/V SAFFRON TRADER*, 257 F. Supp. 2d 651, 654

2

(S.D.N.Y. 2003) (quoting *Commercial Metals Co. v. International Union Marine Corp.,* 294 F. Supp. 570, 573 (S.D.N.Y. 1968)); *In re Bartin Deniz Nakliyati*, 1989 WL 128581, at *12 (E.D.N.Y. July 10, 1989) ("[T]he mere filing of a complaint does not constitute a waiver of the right to arbitrate"); *Russell Sigler, Inc. v. Whitaker*, 2019 WL 3220577, at *4 (C.D. Cal. May 21, 2019) ("[T]he mere filing of a complaint doesn't give rise to waiver of arbitration rights").

Rather, as a general matter, waiver of the right to seek arbitration is considered against the well-established backdrop of the "emphatic federal policy in favor of arbitral dispute resolution." *Marmet Health Care Center, Inc. v. Brown*, 565 U.S. 530, 533 (2012) (internal citations omitted). The Second Circuit has repeatedly emphasized that "waiver of the right to arbitration is not to be lightly inferred." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104-105 (2d Cir. 2002) (internal citations omitted). As a result, "any doubts concerning whether there has been a waiver are resolved in favor of arbitration." *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 100-01 (S.D.N.Y. 2017) (internal citations omitted).

To determine whether a party has waived its right to arbitrate by expressing its intent to litigate, courts in the Second Circuit have traditionally employed a three-factor analysis, examining "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *Louisiana Stadium & Exposition District v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010). In *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1714 (2022), however, the United State Supreme Court instructed that prejudice should not be considered. As such, only the first two factors are controlling.

The first factor – the time elapsed from when litigation was commenced until the request for arbitration – militates against a finding of waiver. Plaintiff filed its state court Complaint on

3

March 30, 2023, meaning that less than three months elapsed from when litigation was commenced until the request for arbitration. Such a short period militates against a finding of waiver. *See, e.g., Haynes v. TransUnion, LLC*, 2021 WL 7906567, at *5 (E.D.N.Y. Sept. 30, 2021) (finding no waiver where "ten months [] transpired between the filing of Plaintiff's Complaint and Moving Defendants' assertion of their right to arbitrate"); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (holding there was no waiver even though the defendant did not raise arbitration after knowing about his rights for three years); *Thomas v. A.R. Baron & Co.,* 967 F. Supp. 785, 789 (S.D.N.Y. 1997) (no waiver despite a year and a half of delay).

The second factor – the amount of litigation to date, including motion practice and discovery – also militates against a finding of waiver because there has been no motion practice (other than this motion) or discovery conducted. *See, e.g.*, *Herrera v. Manna 2nd Ave. LLC*, 2022 WL 2819072, at *10 (S.D.N.Y. July 18, 2022) (finding no waiver where there was a "lack of substantive motion practice" and no "substantial discovery"); *Besera v. Hom*, 2021 WL 2703351, at *4 (E.D.N.Y. July 1, 2021) (finding no waiver where the defendants had not filed any dispositive motions and had merely entered into an initial case management plan and exchanged initial discovery); *Pierre v. Rochdale Vill. Inc.*, 2020 WL 6799635, at *7 (E.D.N.Y. Nov. 19, 2020) ("The lack of substantive motion practice in this case weighs against a finding of waiver").

The third factor – proof of prejudice, to the extent it is relevant, *see Morgan*, 142 S. Ct. at 1714 – also militates against a finding of waiver. Defendants do not allege (much less provide any proof) that they have suffered prejudice from Plaintiff's delay of less than three months in seeking arbitration.

Finally, the text of the arbitration provision also militates against a finding of waiver. The provision states that "any party to [an] action" may elect to have the action "determined by

4

arbitration before a single arbitrator." (*See* Doc. No. 11, Declaration of Steven W. Wells ("Wells Decl."), Exs. A, B § 48; *see also id*. at pp. 14-15). By its terms therefore, the arbitration provision contemplates that "any party to [an] action" – including the plaintiff who filed the action – may elect to arbitrate. This language weighs against Defendants' waiver argument. Respectfully, Plaintiff did not waive its right to arbitrate merely by filing a Complaint and the Court should compel arbitration if it determines that it has subject matter jurisdiction.[1]

### B.  Plaintiff Did Not Waive is Right to Arbitration by Filing a Motion to Remand.

Defendants claim that Plaintiff waived its right to arbitrate by filing "a motion to remand to state court so that the case may be litigate there." (Doc. No. 14, Defs.' Memo. at p. 9). Respectfully, that is incorrect. Plaintiff filed its motion to remand because it contends that this Court lacks subject matter jurisdiction. If the Court finds that to be the case and remands the action to state court, Plaintiff will file its motion to compel arbitration in state court. It obviously cannot file that motion in state court, however, until remand occurs.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this action to the Supreme Court of Monroe County or, in the alternative, compel arbitration.

---

[1] Defendants note that "Plaintiff has not even taken the preliminary step of selecting an arbitration forum by filing a demand for arbitration…." (Doc. No. 14, Defs.' Memo. at p. 9 n.7). It would be premature, however (and contrary to the interests of judicial efficiency and economy), for Plaintiff to commence arbitration while its motion to compel arbitration is pending. As to selecting an arbitration forum, there are only two potential forums identified in the arbitration provision: Arbitration Services, Inc. and Mediation & Commercial Arbitration, Inc. (*See* Doc. No. 11, Wells Decl., Exs. A, B § 48; *see also id*. at pp. 14-15). Plaintiff will select one of the two if arbitration is compelled.

Dated: June 27, 2023                    Respectfully Submitted,

*/s Steven W. Wells*
Steven W. Wells
Will Parsons
WELLS LAW P.C.
229 Warner Road
Lancaster, New York 14086
(716) 983-4750
Email: steve@wellspc.com
Email: will@wellspc.com

*Counsel for Plaintiff*