UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

                                                    Plaintiff,          Case # 23-CV-06258-FPG
v.                                                                      DECISION AND ORDER

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/A PUMP'T;
MARQUIS CATTLE INC. and
CORY SHANNON MARQUIS,

                                                    Defendants.
_____

## INTRODUCTION

On March 30, 2023, Plaintiff Spartan Business Solutions LLC ("Plaintiff") brought this breach of contract and personal guarantee action, in which they allege unjust enrichment and entitlement to attorney's fees, against Defendants Marquis Cattle Company Inc d/b/a Marquis Cattle Company, Montana Mountain Bison, Inc, MCC Trucking LLC, M Hanging 6 Ranch LLC d/b/a/ Pump't, Marquis Cattle Inc, and Cory Shannon Marquis (collectively, "Defendants") in the Supreme Court of the State of New York, County of Monroe. ECF No. 1-1.

On May 10, 2023, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1446, alleging subject matter jurisdiction under 28 U.S.C. § 1332. ECF No. 1 ("Notice of Removal"). On June 9, 2023, Plaintiff moved to remand the action to state court, on the basis that diversity jurisdiction is not properly alleged, or, in the alternative, compel arbitration. ECF No. 10. On June 26, 2023, Defendants responded. ECF No. 14. On June 27, 2023, Plaintiff replied. ECF No. 15.

For the reasons set forth below, Plaintiff's motion is DENIED IN PART.  Defendants may file an amended notice of removal to resolve the jurisdictional issue described herein.  If Defendants do not do so by the deadline ordered below, the Court will remand this case to the Supreme Court of the State of New York, Monroe County, without further order.  If Defendants' amended notice of removal satisfies this Court that diversity jurisdiction exists, the Court will take Plaintiff's pending motion to compel arbitration and Defendants' response under advisement.

## FACTUAL BACKGROUND

Plaintiff is a New York limited liability company engaged in receivables financing, with a sole member that is a New Jersey citizen.  ECF No. 1-1 at 8; ECF No. 13 at 2; ECF No. 14 at 5.  Defendants are two limited liability companies, two corporations, and an individual, all of whom are alleged to be Montana citizens.  ECF No. 1 at 1-2.  Plaintiff and Defendants, in November 2022, entered into agreements pursuant to which Plaintiff purchased a percentage of Defendants' total future receipts.  ECF No. 1-1 at 5; ECF No. 10 at 6.  Defendant Marquis executed personal guarantees of Defendants' performance in connection with the agreements.  ECF No. 1-1 at 5.

In pertinent part, Defendants' Notice of Removal alleges that Marquis Cattle Company Inc d/b/a Marquis Cattle Company, Montana Mountain Bison, Inc, MCC Trucking LLC, M Hanging 6 Ranch LLC d/b/a Pump't, and Marquis Cattle Inc (the "Corporate Defendants") are "citizens of the state of Montana."  ECF No. 1 at 1.  The citizenship of MCC Trucking LLC and M Hanging 6 Ranch LLC d/b/a Pump't (the "LLC Defendants") is at issue in the present motion.

2

**LEGAL STANDARD**

    **A. Subject Matter Jurisdiction**

Subject matter jurisdiction is a fundamental predicate to judgment in the federal courts. *Linium, LLC v. Bernhoit*, No. 117CV0200LEKCFH, 2017 WL 2599944, at *2 (N.D.N.Y. June 15, 2017). "Dismissal of a case for lack of subject matter jurisdiction … is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A lack of subject matter jurisdiction cannot be waived, and may be raised by motion or *sua sponte* at any time. *E.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In the removal context, "[i]f any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case to state court. 28 U.S.C. § 1447(c). However, "[w]hen diversity is not absent from a notice of removal but is defectively alleged," courts will typically permit the removing party to amend its notice of removal. *Grow Grp., Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *1-2 (S.D.N.Y. Feb. 10, 1995) (citing 28 U.S.C. § 1653).

    **B. Removal**

28 U.S.C. § 1441(a) permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to a district court of the United States. The Second Circuit has recognized that, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of

state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).  But a court "should be cautious about remand, lest it erroneously deprive [a] defendant of the right to a federal forum." *Contitrade Servs. Corp. v. Eddie Bauer Inc.*, 794 F. Supp. 514, 516 (S.D.N.Y. 1992) (quoting *Manas y Pineiro v. Chase Manhattan Bank, N.A.*, 443 F. Supp. 418, 419 (S.D.N.Y. 1978)).

## DISCUSSION

In the Notice for Removal, Defendants assert subject matter jurisdiction based on diversity of citizenship.  ECF No. 1 at 1-2.  "Under the standard diversity jurisdiction statute, 28 U.S.C. § 1332(a), there must be 'complete' diversity among the parties, meaning that each defendant must be a citizen of a different state from each plaintiff." *U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-558, 2016 WL 5107123, at *2 (N.D.N.Y. Sept. 20, 2016) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

It is undisputed that Plaintiff is a citizen of New York and New Jersey.  ECF No. 1 at 1; ECF No. 13 at 2; ECF No. 14 at 5.  Defendants allege that the Corporate Defendants, which include the LLC Defendants, are "citizens of the state of Montana."  ECF No. 1 at 1.  Plaintiff argues that Defendants must do more to adequately allege the citizenship of the LLC Defendants.  ECF No. 10 at 7-9.  The Court agrees.  Defendants appear to have conflated the standard for determining the citizenship of a limited liability company with that of a corporation.  While a corporation takes the citizenships of the states in which it is incorporated and the state containing its principal place of business, 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (defining "principal place of business"), an LLC takes the citizenships of each of its members (i.e., its owners), *e.g., Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d

42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also N.K.T. Land Acquisitions, Inc. v. Chase Manhattan Mortg. Corp.*, No. 07-CV-790, 2007 WL 4324109, at *1 (N.D.N.Y. Dec. 7, 2007) ("The state of an LLC's organization and principal place of business is irrelevant in determining its citizenship for diversity purposes.").

Accordingly, if any member of the LLC Defendants is a citizen of New York or New Jersey, complete diversity of citizenship would not exist, and the Court would lack subject matter jurisdiction.  The Notice of Removal does not include citizenship allegations for the LLC Defendants' members, nor allegations of the members' identities.  It merely states in a conclusory manner that the "Corporate Defendants are citizens of the state of Montana."  ECF No. 1 at 1.  Thus, the Notice of Removal does not establish diversity of citizenship and is inadequate as a matter of law.  *See Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharm., Inc.*, No. 15-CV-4666, 2016 WL 1138501, at *2 (S.D.N.Y. Feb. 24, 2016).  In addition, Defendants' argument that its Corporate Disclosure Statement, ECF No. 8, confirms diversity between the parties is unavailing.  Defendants' Disclosure Statement does not cure the deficiencies in the Notice of Removal because it merely states, without providing the identity of any member of the LLC Defendants, that such members "are citizens of Montana."  ECF No. 8 at 1.

As discussed, however, "[w]hen diversity is not absent from a notice of removal but is defectively alleged," courts typically permit the removing party to amend its notice of removal. *Grow Grp., Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *1-2 (S.D.N.Y. Feb. 10, 1995) (citing 28 U.S.C. § 1653); *accord Fulfree v. Manchester*, No. 98-7007, 1999 WL 385753, at *1 (2d Cir. June 7, 1999) (per curiam); *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013); *Rhinehart v. CSX Transp., Inc.*, No. 10-CV-86A, 2010 WL 2388859, at *4-6 (W.D.N.Y. June 9, 2010); *Johnson v. Progressive Ins. Co.*, No. 03-CV-4891, 2003 WL

21554957, at *1 (S.D.N.Y. July 8, 2003).  Here, because Defendants alleged diversity jurisdiction in their Notice of Removal, but did not apply the proper standard for determining the citizenship of an LLC, the Court will permit Defendants to amend the Notice of Removal.  *See* 28 U.S.C. § 1653.  Within fourteen days of this Decision and Order, Defendants must file an amended notice of removal properly alleging the citizenship of the LLC Defendants; specifically, MCC Trucking LLC and M Hanging 6 Ranch LLC d/b/a Pump't.  Failure to comply with this deadline will result in the remand of this case to the Supreme Court of the State of New York, Monroe County, without further order of the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED IN PART.  Within fourteen (14) days of the filing of this Decision and Order, Defendants may file an amended notice of removal to resolve the jurisdictional issue described herein.  If Defendants do not do so by this deadline, the Court will remand this case to the Supreme Court of the State of New York, Monroe County, without further order.  If Defendants' amended notice of removal satisfies this Court that diversity jurisdiction exists, the Court will take Plaintiff's pending motion to compel arbitration and Defendants' response under advisement.

IT IS SO ORDERED.

Dated: November 6, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York